## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**Civil Action No. 05-121-HRW**

**VERNON BOWMAN,**                                                          **PLAINTIFF,**

v.                    **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                    **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a disability insurance benefits in March 2003 (Tr. 53-55), alleging disability beginning on August 30, 2002, due to hepatitis C, gout, lower lumbar injury, chipped bones and ruptured cartilage in knees and a broken foot (Tr. 67, 76). This application was denied initially and on reconsideration.

On September 16, 2004, an administrative hearing was conducted by Administrative Law Judge John M. Lawrence (hereinafter "ALJ"), wherein Plaintiff testified (Tr. 234-254). At the hearing, Linda Sparrow, a vocational expert (hereinafter "VE"), also testified (Tr. 254-257).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On November 24, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 29-36).

Plaintiff was 50 years old at the time of the hearing decision. He has a high school education. His past relevant work experience consists of work as a plant operator (Tr. 30).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 35).

The ALJ then determined, at Step 2, that Plaintiff suffered from grouty arthritis, alcohol abuse against medical advice, hepatitis C, right knee pain, status post meniscectomy and depressive disorder not otherwise specified, which he found to be "severe" within the meaning of the Regulations (Tr. 35).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 35).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 35) but determined that he has the following residual functional capacity ("RFC"):

> He can lift and/or carry 20 pounds occasionally, 10 pounds frequently; occasional climbing stairs, ramps; no climbing ladders, ropes, scaffolds; occasional kneeling,

3

crawling; avoid vibratory tools, equipment; fair ability to tolerate stress; restricted to routine tasks not involving extended concentration; and is restricted to tasks not involving much interaction with others.

(Tr. 35).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work. The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 34-35). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 7, 2005 (Tr. 7-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 5 and 9] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's primary contention on appeal is that he did not making a knowing and valid waiver of his right to counsel and was prejudiced by the lack of representation.

Although the ALJ's basic obligation to develop the record rises to a special duty when a claimant is not represented by counsel, there mere fact that Plaintiff was not represented by counsel is not grounds for reversal. *Duncan v. Secretary*

5

*of Health and Human Services*, 801 F.2d 847, 856 (6th Cir. 1986), *citing, Holden v. Califano*, 641 F.2d 405, 408 (6th Cir. 1981).   Plaintiff must show that he was adversely affected.  *Id.*   In other words,  "what possible further information could have been brought forth at the hearing which would have enhanced a determination of disability?"  *Id.*

Although Plaintiff maintains that the ALJ should have obtained additional evidence, he has not provided any evidence that would establish disability, despite the fact that he is currently represented by counsel.   For example, Plaintiff argues that the ALJ should have obtained the record of a 2000 liver biopsy.   Plaintiff appears to argue that had the ALJ had this medical report, he would have concluded that Plaintiff met  requirements of Listing 5.05F(3) and was, thus, presumptively disabled at Step 3 of the sequential analysis.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419,

6

2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the requirements specified in the Listing." *Id*. (emphasis added).   This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.   In other words, it is insufficient for a claimant to almost meet the requirements of a listed impairment. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

Following this standard, even if the ALJ had taken steps to obtain the 2000 biopsy report, Plaintiff would still not meet the requirements of the relevant listing, which requires not only confirmation of liver disease by biopsy but

"hepatic cell necrosis or inflammation persisting for at least three months, documented by repeated abnormalities of prothrombin time and enzymes indicative of hepatic dysfunction." 20 C.F.R. pt. 404, supt. P, app. 1, § 5.05(F)(3) (2005). In addition, "these complications must be shown to persist on repeated examination despite therapy for a reasonable presumption to be that a marked impairment will last for a continuous period of at least twelve months." 20 C.F.R. pt. 404, supt. P, app. 1, § 5.00(A) (2005).

In this case, the record shows prothrombin time within normal limits (Tr, 182, 190, 200). Further, the record establishes Plaintiff's persistent alcohol use against medical advice as well as his noncompliance with regard to treatment (Tr. 154, 165-166, 177). These facts undercut the "persistence, despite therapy" portion of the relevant Listing. In sum, Plaintff has failed to show that the inclusion of the 2000 biopsy record would have enhanced the determination of disability.

Plaintiff also asserts that the ALJ failed to question him about his ability to walk or otherwise elicit evidence regarding his ability to walk. However, the record contains a questionnaire, completed by Plaintiff in July 9, 2004 as part of the administrative process which specifically asked how far Plaintiff could walk, to which he responded (Tr. 127). Further, a Physical Residual Functional

Capacity Assessment by P. Saranga, M.D., a medical consultant, on May 28, 2003 includes an assessment of Plaintiff's ability to stand and walk (Tr. 143). Notably, Plaintiff has not proffered any evidence which would show that he is unable to walk within the parameters set forth in the RFC. He simply refers to certain diagnoses but fails to show how his ability to perform-work related activity, such as walking, is impaired. A diagnosis is not tantamount to severity, much less disability. *See e.g., Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)("the mere diagnosis [of a condition], of course, says nothing about the severity of the condition.").

Lack of counsel is not an end run around the issue of disability. In this case, the record does not support, nor has Plaintiff produced evidence which does support, a finding of disability. As such, the Court is not inclined to reverse the ALJ's decision or remand this matter for further proceedings.

As for Plaintiff's claim that the hypothetical question propounded by the ALJ to the VE was not supported by substantial evidence, it too lacks merit. Having reviewed the record, the Court finds that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This

9

rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).   In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective  medical evidence.   As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.   A judgment in favor of the Defendant will be entered contemporaneously herewith.

This _____ of July, 2006.

_____
Henry R. Wilhoit, Jr., Senior Judge